FILED

SEP 3 0 2024

Clerk, U.S. District Court
Eastern District of Texas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## AMENDED COMPLAINT FOR WRONGFUL REPOSSESSION, BREACH OF CONTRACT, NEGLIGENT HIRING AND TRAINING, NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL, DTPA and TDTPA VIOLATIONS.

## (Re: WRONGFUL REPOSSESSION, BREACH OF CONTRACT, NEGLIGENT HIRING, NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

HEARING DATE:

HEARING TIME:

## I. PARTIES

**Plaintiff:** Phillip Charles Aught, Jr., an individual currently residing at 12333 Silvana Street, Las Vegas, Nevada 89141, and formerly residing at 4102 Sun King Lane, Frisco, Texas 75034.

Phone: (702) 210-6081

Email: phillipaught15@gmail.com (hereinafter collectively referred to as "Plaintiff Aught, and/or "Plaintiff")

**Defendants:** Calfund, LLC, a California-based finance company located at 1633 Westwood Blvd, Los Angeles, CA. Phone: (213) 747-4949 Email: Brent@calfundllc.com **Service Information for Defendant:** Limited Liability Company – CA Principal Address: 1633 Westwood Blvd., Los Angeles, CA 90024 Mailing Address: 1633 Westwood Blvd., Los

Angeles, CA 90024 Agent: Individual Mayer Separzadeh 1633 Westwood Blvd., Los Angeles, CA 90024 DOE STAFF MEMBERS 1 through 100; ROE BUSINESS ENTITIES 1 through 100; DOES 1 through 100; and ROES 1 through 100, inclusive (hereinafter collectively referred to as "Defendant Calfund, LLC and/or "Defendants").

## II. **JURISDICTION AND VENUE**

### I. JURISDICTION AND VENUE

1. **Jurisdiction:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 as the claims arise under federal law, including violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and 15 U.S. Code § 45, which prohibits unfair methods of competition and deceptive practices in commerce and all other local and federal law included.

2. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district, specifically in Frisco, Texas. Plaintiff Phillip Aught resided in Frisco, Texas, at the time of the events in question, including the solicitation of the loan and the formation of the contract.

### Citizenship of Defendant:

3. Calfund, LLC, the defendant, is a limited liability company formed in the State of California. Its principal place of business is located at 1633 Westwood Blvd., Los Angeles, CA 90024. For purposes of establishing diversity jurisdiction, the citizenship of Calfund, LLC is determined by the citizenship of each of its members.

4. Upon information and belief, the sole member of Calfund, LLC is Mayer Separzadeh, who is an individual domiciled in California. As such, Calfund, LLC is a citizen of the State of California.

### Conclusion on Diversity:

5. Plaintiff, Phillip Charles Aught, Jr., is a citizen of Nevada as of 2023. The contract in question was executed in Texas where Plaintiff had been a resident for over 20 years. The allegations within have displaced the Plaintiff to Nevada. Therefore, complete diversity exists between Plaintiff Phillip Charles Aught JR. and Defendant Calfund, LLC, as Plaintiff is a citizen of a state different from the citizenship of the Defendant's sole member, Mayer Separzadeh, a citizen of California.

6. Furthermore, Defendant Calfund LLC engaged in business activities in Texas without proper registration, directly impacting Plaintiff within the state. The illegal advertisement and solicitation were conducted in Texas, and the unauthorized use and wrongful repossession of Plaintiff's vehicle occurred while the vehicle was located in Texas. This establishes significant connections to the venue within the Eastern District of Texas.

### III. **FACTUAL ALLEGATIONS**

### Vehicle Purchase and Financing:

1. On July 6, 2020, Plaintiff purchased a 2014 Freightliner Cascadia (VIN 3AKJGLD51ESFY6625) from Arrow Truck Sales located at 3140 Irving Blvd, Dallas, TX 75247.

Plaintiff financed the vehicle partially through Defendant Calfund, LLC, with a down payment of $12,037.53, saved over months through sheer determination and sacrifice. Plaintiff made installments on the agreed down payment weekly, held by Defendant Calfund.

Plaintiff paid off the loan in full within 1 year and 9 months through relentless hard work as an owner-operator truck driver with one vehicle, often working long, grueling hours far from home.

### Title Loan Advertisement and Violation of Texas Law:

On March 30, 2022, Defendant Calfund mailed Plaintiff his vehicle's free and clear title. One month later, in April 2022, Defendant sent an unsolicited title loan advertisement to Plaintiff's residence at 4102 Sun King Lane, Frisco, Texas 75034. This advertisement was not just an illegal solicitation but a predatory lure into deeper financial peril, knowing fully well that Defendant was not licensed to conduct business in Texas.

Texas Finance Code §§ 393.101 and 393.306 require registration with the Texas Secretary of State and prohibit advertising services without filing a registration statement, respectively.

- ### Predatory Loan Offer:

In April 2022, Defendant Calfund offered Plaintiff a $15,000 title loan with predatory terms including an $895 "doc fee" and an additional $895 for roadside assistance, bringing the total borrowed to $16,790. This offer was a wolf in sheep's clothing, designed to entrap Plaintiff in an endless cycle of debt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The title loan contract lacked mandatory information such as the APR, instead using the language "percent add on per annum" at a predatory rate of 29% for 18 months. The language used was intentionally opaque, preying on Plaintiff's trust and desperation.

Texas Finance Code § 393.223 mandates disclosures about interest, fees, and annual percentage rates, which were not provided.

### **Unauthorized Use of Plaintiff's Vehicle:**

In August 2022, Plaintiff's truck was repossessed by an agent contracted by Defendant due to a missed payment. The agent, an owner-operator truck driver with a yard near downtown Dallas, treated Plaintiff's truck as his own, displaying a callous disregard for the rightful owner's livelihood.

Plaintiff had an Apple Air Tag hidden in his vehicle, allowing him to track its movements. To his horror, Plaintiff observed his truck driving to Missouri and back to the agent's yard repeatedly, a journey spanning over 20 days. Each mile driven without authorization was a dagger to Plaintiff's heart, seeing the wear and tear on the vehicle he had painstakingly maintained.

On August 25, 2022, Plaintiff paid Defendant Calfund $3,500 for the redemption of his vehicle, including $2,970.53 plus $800 in storage fees, despite the truck not being stored as claimed. The retrieval process was emotionally gut-wrenching, as Plaintiff discovered personal items missing and found a t-shirt and hairbrush that were not his, tangible reminders of the violation of his property.

   o   **Failure to Address Unauthorized Use:**

On August 30, 2022, at 5:01 PM, Plaintiff emailed Defendant's employee, Sean Nosrati, regarding the unauthorized use of his truck. Sean ignored all calls and emails, displaying a complete lack of empathy and accountability.

On September 20, 2022, Plaintiff emailed Sean again to demand compensation for the stolen items and unauthorized use, but Sean offered no remorse and failed to investigate. Plaintiff's pleas fell on deaf ears, compounding his sense of helplessness and betrayal.

- **Subsequent Repossession and Financial Hardship:**

  - 

In November 2022, Plaintiff's truck was involved in an accident and was under repair for six months, causing severe financial strain as Plaintiff was unable to work. The accident not only incapacitated his vehicle but also shattered his means of earning a livelihood.

On May 3, 2023, Plaintiff called Defendant's employee Veronica to set up a payment arrangement for May 12, which she agreed to. This gave Plaintiff a glimmer of hope in his financial turmoil.

On May 11, 2023, Defendant repossessed Plaintiff's truck from the repair shop without contacting him to retrieve his personal items, leading to the loss of invaluable items and causing significant emotional distress. This repossession was the final blow, pushing Plaintiff over the edge into despair, as he lost his home and personal vehicle, forcing him to relocate to Las Vegas and be separated from his youngest son.

- **Failure to Provide Loan Documents:**

On September 5, 2023, at 2:10 PM, Plaintiff emailed Defendant Calfund requesting copies of his loan documents. No reply was received on September 6, 2023, at 1:08 PM, Plaintiff emailed Defendant again asking for his loan documents on September 6, 2023, at 3:53 PM, Defendant's legal department replied, stating Plaintiff needed an attorney to request the records.

On September 6, 2023, at 3:54 PM, Plaintiff emailed back, stating he did not have an attorney and requested his documents again. On September 6, 2023, at 4:41 PM, Plaintiff emailed again, reiterating his request for his loan documents. On September 7, 2023, at 9:40 AM, Defendant replied, stating the only way to receive the documents was to work out a repayment plan.

- **Only after complaints to the Department of Financial Protection and Innovation (DFPI) and the Texas Office of Consumer Credit Commissioner (TXOCCC) did Defendant provide the requested documents in May 2024, nine months after the initial request.**

- 

- **On May 15, 2024, at 1:30 PM, Defendant's attorney Sajiv Sharma emailed Plaintiff requested loan documents.**

- 

- **On May 15, 2024, at 1:42 PM, Plaintiff replied, questioning why it took so long to receive the documents.**

- 

- **On May 15, 2024, at 1:44 PM, Defendant's CEO, Brent Braunstein, replied, stating there was no record of Plaintiff's previous requests.**

-

- **On May 16, 2024, Plaintiff had a phone conversation with Brent Braunstein, who claimed Calfund did not need a license to do business with Texas customers.**

-

- An analyst from the Texas Office of Consumer Credit Commissioner (TXOCCC) confirmed that Calfund, LLC is required to have a license to do business in Texas and that their operations without such a license were illegal. Additionally, the Department of Financial Protection and Innovation (DFPI) also confirmed that Calfund, LLC needs a license to conduct business in Texas.

  - **60-Day Notice of Suit:**

- On May 22, 2024, Plaintiff emailed a 60-day notice to sue via the Texas Deceptive Trade Practices Act (TDTPA) as required by Texas law.

- On May 24, 2024, Plaintiff mailed a certified copy of the same notice to Defendant Calfund's headquarters at 1633 Westwood Blvd, Los Angeles, CA 90024. The letter was received and signed for by an "Alba M.", although the date received was left blank.

- Defendant Calfund ignored both the email and mailed notice.

-

**Illegal Aspects of the Contract**

**Predatory Interest Rate**

- **Predatory Interest Rate and Lack of Proper Disclosure**: The contract specifies an interest rate of 29.5% per annum using the "add-on" method. Texas Finance Code § 393.223 requires clear disclosures about interest rates, fees, and the annual percentage rate (APR). The term "percent add on per annum" is misleading and does not comply

with the requirement to disclose the APR clearly. Under Texas law, such lack of transparency in loan terms is prohibited and subject to penalties.

### Documentation Fees

- **Excessive and Unjustified Fees**: The contract includes a documentation fee of $895 and an additional $895 for roadside assistance, which are considered excessive and potentially unnecessary, constituting unfair or deceptive practices under Texas Deceptive Trade Practices Act (TDTPA). Texas Finance Code § 393.201 prohibits credit services organizations from charging or receiving any money solely for the privilege of obtaining credit or for any services rendered in connection with a consumer credit transaction unless those services are explicitly listed and justified.

### Unauthorized Use of Vehicle

- **Unauthorized Use and Abuse of Collateral**: The contract contains a clause (Section 7(c)) allowing the lender to use a GPS device to track the vehicle and repossess it at any time without prior notice, which led to unauthorized use and mileage accumulation on the plaintiff's vehicle. This unauthorized use is not justified and represents a breach of fiduciary duty and unauthorized exploitation of collateral. Texas Penal Code § 31.04 (Theft of Service) can be applied to unauthorized use of a vehicle, as the lender used the plaintiff's property without consent.

### Inadequate Legal Compliance

- **Failure to Comply with Texas Registration Requirements**: The defendant is not registered to conduct business in Texas, which violates Texas Finance Code §§ 393.101 and 393.306. These sections require registration with the Texas Secretary of State and prohibit advertising services without filing a registration statement. Any credit

services organization operating without proper registration is subject to civil penalties under Texas Finance Code § 393.502.

## Misleading Loan Terms

- **Misleading Loan Terms and Lack of Transparency**: The loan agreement lacks essential information such as the APR, clear payment schedules, and conditions for prepayment penalties. The absence of these details misleads the borrower about the true cost of the loan and the conditions of repayment. Texas Business and Commerce Code § 17.46(b)(24) (TDTPA) prohibits failure to disclose information concerning goods or services which was known at the time of the transaction if such failure was intended to induce the consumer into a transaction.

## Unfair Repossession Practices

- **Unfair Repossession and Penalty Clauses**: The contract allows for immediate repossession without proper notice and imposes excessive penalties for late payments and prepayment (Section 5). The lack of a fair repossession process and the imposition of high penalties are contrary to fair lending practices. Texas Finance Code § 342.502 requires lenders to provide a borrower with a notice of default and an opportunity to cure before repossession.

## Breach of Contract

- **Failure to Provide Loan Documents**: The lender failed to provide copies of the loan documents upon request, which is a breach of contract and a violation of consumer protection laws. The plaintiff's multiple requests for loan documents were ignored until formal complaints were made. Texas Business and Commerce Code § 17.46(b)(12)

(TDTPA) prohibits representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

### Illegal Jurisdiction and Arbitration Clauses

- **Illegal Jurisdiction Clause**: The contract stipulates that any legal disputes will be governed by the laws of the State of California and that the borrower consents to the jurisdiction of the courts in Los Angeles, California (Section 14). This clause is illegal under Texas law, which requires that such agreements comply with Texas jurisdiction when dealing with Texas residents and transactions conducted in Texas. Texas Finance Code § 393.307 prohibits lenders from requiring Texas consumers to resolve disputes outside of Texas.

- **Illegal Arbitration Clause**: The contract includes a binding arbitration clause (Section 22), which mandates that any disputes be resolved through arbitration in California. This clause is illegal under Texas law because it forces the borrower to resolve disputes in a manner that is significantly inconvenient and potentially costly. The Texas Arbitration Act requires that arbitration agreements be fair and not unduly oppressive, which this clause fails to meet. Texas Civil Practice and Remedies Code § 171.001 et seq. ensures that arbitration agreements are enforceable only if they are not unconscionable and do not waive statutory protections.

### Cancellation Clause

- **Lack of Cancellation Clause**: The contract does not include a cancellation clause that allows the borrower to cancel the agreement under specific circumstances, such as misrepresentation or fraud by the lender. Texas law requires that consumers have the

right to cancel certain types of contracts within a specified period. The absence of such a clause could be seen as an unfair and deceptive practice under the TDTPA.

### Summary

The contract's predatory interest rate, excessive fees, unauthorized use of the vehicle, non-compliance with Texas registration requirements, misleading loan terms, unfair repossession practices, illegal jurisdiction and arbitration clauses, lack of a cancellation clause, and the lender's failure to provide loan documents all contribute to its illegality under Texas and federal laws. These practices violate the Texas Finance Code, the TDTPA, and other relevant consumer protection statutes, justifying the plaintiff's claims for damages and other relief.

*§ TX Finance Code 393.101. : Registration Statement.*

*(a) Before conducting business in this state, a credit services organization shall register with the secretary of state by filing a statement that:*

*(1) contains the name and address of:*

*(A) the organization; and*

*(B) each person who directly or indirectly owns or controls at least 10 percent of the outstanding shares of stock in the organization; and*

*(2) fully discloses any litigation or unresolved complaint relating to the operation of the organization filed with a governmental authority of this state or contains a notarized statement that there has been no litigation or unresolved complaint of that type.*

*(b) The organization shall keep a copy of the registration statement in its file*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sec 393.001* (1) *"Consumer" means an individual who is solicited to purchase or who purchases the services of a credit services organization.*

Sec. 393.003.  WAIVER VOID.  A waiver of a provision of this chapter by a consumer is void.

## IV. CAUSES OF ACTION

### 1. Violation of Texas Finance Code § 393: Illegal Advertisement and Solicitation without Registration

- **Duty**: Defendant had a duty to register and comply with Texas Finance Code.
- **Breach**: Defendant solicited business without proper registration.
- **Causation**: Plaintiff relied on illegal advertisements and entered into a contract.
- **Damages**: Financial loss due to unfavorable loan terms.

### 2. Failure to Provide Mandatory Disclosures

- **Duty**: Defendant had a duty to disclose all mandatory loan terms.
- **Breach**: Defendant failed to provide these disclosures.
- **Causation**: Plaintiff entered into the loan without full information.
- **Damages**: Financial harm due to lack of disclosure.

- **Statute**: Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

### 3. Fraudulent and Deceptive Practices

- **Duty**: Defendant had a duty to act honestly and transparently.

- **Breach**: Defendant engaged in fraudulent and deceptive practices.

- **Causation**: Plaintiff was misled into a detrimental loan agreement.

- **Damages**: Financial and emotional distress.

- **Statute**: Texas Deceptive Trade Practices Act (TDTPA), Tex. Bus. & Com. Code § 17.46(b).

### 4. Violation of the Texas Deceptive Trade Practices Act (TDTPA)

- **Duty**: Defendant had a duty to avoid false, misleading, and deceptive acts.

- **Breach**: Defendant's actions violated TDTPA.

- **Causation**: Plaintiff was deceived into a harmful loan agreement.

- **Damages**: Financial loss and emotional distress.

- **Statute**: Texas Deceptive Trade Practices Act (TDTPA), Tex. Bus. & Com. Code § 17.46.

### 5. Breach of Contract

- **Duty**: Defendant had a contractual duty to provide agreed services.

- **Breach**: Defendant failed to uphold these contractual duties.

- **Causation**: Plaintiff suffered due to Defendant's breach.

- **Damages**: Financial loss and emotional distress.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Statute**: Common law contract principles.

## 6. Unjust Enrichment (Tort Claim)

- **Duty**: Defendant had a duty to compensate for benefits received.

- **Breach**: Defendant retained benefits without just compensation.

- **Causation**: Plaintiff's resources were used without adequate payment.

- **Damages**: Financial loss.

- **Statute**: Common law principles of unjust enrichment.

## 7. Conversion (Tort Claim)

- **Duty**: Defendant had a duty to respect Plaintiff's property rights.

- **Breach**: Defendant used Plaintiff's vehicle without authorization.

- **Causation**: Unauthorized use caused wear and tear on the vehicle.

- **Damages**: Financial loss from vehicle damage and unauthorized use.

- **Statute**: Common law principles of conversion.

## 8. Negligence (Tort Claim)

- **Duty**: Defendant had a duty to exercise reasonable care.

- **Breach**: Defendant failed to act with reasonable care in handling Plaintiff's property.

- **Causation**: Plaintiff's property was damaged due to Defendant's negligence.

- **Damages**: Financial loss from property damage.

- **Statute**: Common law principles of negligence.

### 9. Fraudulent Misrepresentation (Tort Claim)

- **Duty**: Defendant had a duty to provide accurate information.

- **Breach**: Defendant provided false information about the loan terms.

- **Causation**: Plaintiff relied on this false information to their detriment.

- **Damages**: Financial loss due to unfavorable loan terms.

- **Statute**: Common law principles of fraudulent misrepresentation.


### 10. Breach of Fiduciary Duty

- **Duty**: Defendant had a fiduciary duty to act in Plaintiff's best interest.

- **Breach**: Defendant exploited Plaintiff's collateral.

- **Causation**: Plaintiff's vehicle was used improperly, causing financial harm.

- **Damages**: Financial loss from unauthorized use of the vehicle.

- **Statute**: Common law principles of fiduciary duty.


### 11. Violation of the Truth in Lending Act (TILA)

- **Duty**: Defendant had a duty to disclose the APR and other loan terms.

- **Breach**: Defendant failed to make these disclosures.

- **Causation**: Plaintiff was misled about the loan costs.

- **Damages**: Financial loss due to hidden loan terms.

- **Statute**: Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 12. Intentional Infliction of Emotional Distress (IIED) (Tort Claim)

- **Duty**: Defendant had a duty to avoid causing emotional distress.

- **Breach**: Defendant's actions were extreme and outrageous.

- **Causation**: Plaintiff suffered severe emotional distress.

- **Damages**: Emotional suffering and mental anguish.

- **Statute**: Common law principles of intentional infliction of emotional distress.

### 13. Breach of the Duty of Good Faith and Fair Dealing (Tort Claim)

- **Duty**: Defendant had a duty to act fairly and in good faith.

- **Breach**: Defendant acted unfairly and in bad faith.

- **Causation**: Plaintiff suffered financial and emotional harm.

- **Damages**: Financial loss and emotional distress.

- **Statute**: Common law principles of good faith and fair dealing.

### 14. Violation of the Federal Fair Debt Collection Practices Act (FDCPA)

- **Duty**: Defendant had a duty to follow fair debt collection practices.

- **Breach**: Defendant engaged in abusive and deceptive collection practices.

- **Causation**: Plaintiff suffered emotional and financial harm.

- **Damages**: Emotional distress and financial loss.

- **Statute**: Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

### 15. Violation of Texas Business and Commerce Code § 17.46(b)(24)

- **Duty**: Defendant had a duty to disclose all relevant information about the loan.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Breach**: Defendant failed to disclose necessary information.

- **Causation**: Plaintiff was misled about the loan's terms.

- **Damages**: Financial loss from unfavorable loan conditions.

- **Statute**: Texas Business and Commerce Code § 17.46(b)(24).

## 16. Unauthorized Use of Collateral

- **Duty**: Defendant had a duty to use the collateral only as permitted.

- **Breach**: Defendant used the collateral without authorization.

- **Causation**: Plaintiff's vehicle was used and damaged.

- **Damages**: Financial loss from vehicle damage and unauthorized use.

- **Statute**: Common law principles and statutory provisions regarding collateral.

## 17. Failure to Comply with Texas Registration Requirements

- **Duty**: Defendant had a duty to register their business in Texas.

- **Breach**: Defendant conducted business without proper registration.

- **Causation**: Plaintiff entered into a contract under false pretenses.

- **Damages**: Financial loss due to invalid business practices.

- **Statute**: Texas Business and Commerce Code, Texas Finance Code § 393.

## 18. Violation of Texas Finance Code § 342.502

- **Duty**: Defendant had a duty to follow proper repossession procedures.

- **Breach**: Defendant repossessed Plaintiff's vehicle unfairly.

- **Causation**: Plaintiff lost access to their vehicle and income.

- **Damages**: Financial loss and emotional distress.

- **Statute**: Texas Finance Code § 342.502.


### 19. Unconscionable Contract Terms

- **Duty**: Defendant had a duty to offer fair and reasonable contract terms.

- **Breach**: Defendant included unconscionable terms in the contract.

- **Causation**: Plaintiff suffered due to harsh contract terms.

- **Damages**: Financial loss and emotional distress.

- **Statute**: Common law principles of unconscionability.


### 20. Violation of the Uniform Commercial Code (UCC)

- **Duty**: Defendant had a duty to handle secured transactions properly.

- **Breach**: Defendant mishandled the repossession and sale of the collateral.

- **Causation**: Plaintiff's collateral was improperly seized and sold.

- **Damages**: Financial loss from the mishandled transaction.

- **Statute**: Uniform Commercial Code (UCC), applicable sections.


### 21. Negligent Hiring and Supervision

- **Duty**: Defendant had a duty to hire and supervise competent agents.

- **Breach**: Defendant hired and supervised an agent who misused Plaintiff's vehicle.

- **Causation**: The agent's misuse of the vehicle was a direct result of Defendant's negligent hiring and supervision.

- **Damages**: Plaintiff suffered vehicle damage and financial loss.

- **Statute**: Common law principles of negligent hiring and supervision.

## 22. Breach of Implied Covenant of Good Faith and Fair Dealing

- **Duty**: Defendant had a duty to deal fairly and in good faith.

- **Breach**: Defendant imposed unfair loan terms and repossessed the vehicle without proper notice.

- **Causation**: Plaintiff faced financial and emotional harm.

- **Damages**: Financial strain, vehicle loss, and emotional distress.

- **Statute**: Common law principles of the implied covenant of good faith and fair dealing.

## 23. Negligent Misrepresentation

- **Duty**: Defendant had a duty to provide accurate information regarding the loan terms.

- **Breach**: Defendant provided false or misleading information.

- **Causation**: Plaintiff relied on the false information.

- **Damages**: Financial losses due to unfavorable loan terms.

- **Statute**: Common law principles of negligent misrepresentation.

## 24. Unlawful Repossession

- **Duty**: Defendant had a duty to repossess the vehicle legally and fairly.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Breach**: Defendant repossessed the vehicle without proper notice.

- **Causation**: Plaintiff lost the vehicle and personal belongings.

- **Damages**: Financial loss and emotional distress.

- **Statute**: Texas Business and Commerce Code § 9.609.


## 25. Negligence Per Se (Violation of Statutory Duty)

- **Duty**: Defendant had a statutory duty under Texas Finance Code to provide clear loan disclosures.

- **Breach**: Defendant violated this statutory duty.

- **Causation**: Plaintiff entered into a disadvantageous loan.

- **Damages**: Financial losses due to hidden loan terms.

- **Statute**: Texas Finance Code and applicable federal statutes.

-  A credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization. **Sec. 393.305**

- Sec. 393.223. CONSUMER TRANSACTION INFORMATION. (a) Before performing services described by Section 393.221(1), a credit access business must provide to a consumer a disclosure adopted by rule of the Finance Commission of Texas that discloses the following in a form prescribed by the commission: (1) the interest, fees, and annual percentage rates, as applicable, to be charged on a deferred presentment transaction or on a motor vehicle title loan, as applicable, in comparison to interest, fees, and annual percentage rates to be charged on other alternative forms of consumer debt; (2) the amount of accumulated fees a consumer would incur by renewing or refinancing a deferred presentment transaction or motor vehicle title loan that remains outstanding for a period of two weeks, one month, two months, and three months; and (3) information

regarding the typical pattern of repayment of deferred presentment transactions and motor vehicle title loans. (**Sec. 393.223. A 1,2,3**)

- Sec. 393.222. A,2,3) a notice of the name and address of the Office of Consumer Credit Commissioner and the telephone number of the office's consumer helpline; and (3) a notice that reads as follows: "An advance of money obtained through a payday loan or auto title loan is not intended to meet long-term financial needs. A payday loan or auto title loan should only be used to meet immediate short-term cash needs. Refinancing the loan rather than paying the debt in full when due will require the payment of additional charges." (b) The Finance Commission of Texas may adopt rules to implement this section. (**Sec. 393.222. A,2,3**)

- Sec. 393.204. BREACH OF CONTRACT. The breach by a credit services organization of a contract under this chapter, or of an obligation arising from a contract under this chapter, is a violation of this chapter.

- Sec. 393.101. REGISTRATION STATEMENT. (a) Before conducting business in this state, a credit services organization shall register with the secretary of state by filing a statement.

- § 618.8325 Disclosure of loan documents. (b) Each qualified lender shall provide a copy of all loan documents to the borrower or the borrower's legal representative at the execution of the loan. Subsequently, upon written request of a borrower or a borrower's legal representative, a qualified lender shall provide, as soon as practicable, a copy of any loan documents signed by the borrower, a copy of other documents delivered by such borrower to that qualified lender, and a copy of each collateral evaluation of the borrower's assets made or used by the qualified lender. To the extent that a collateral evaluation may contain confidential third party information, the lender may protect such confidential third party information by withholding any information that would disclose identifying characteristics of the third party or his property. One copy shall be furnished

free of charge. The lender may assess reasonable copying charges for any additional copies requested by the borrower.

- The term "material disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

- **15 U.S.C.A § 1635.** Right of rescission as to certain transactions

## 26. Tortious Interference with Prospective Business Relations (Tort Claim)

- **Duty**: Defendant had a duty not to interfere with Plaintiff's business relations.

- **Breach**: Defendant's unauthorized use and repossession of the vehicle interfered with Plaintiff's business.

- **Causation**: Plaintiff lost business opportunities.

- **Damages**: Loss of income and business reputation.

- **Statute**: Common law principles of tortious interference.

## 27. Negligent Infliction of Emotional Distress

- **Duty**: Defendant had a duty to avoid causing emotional harm through negligent actions.

- **Breach**: Defendant's negligent handling of the loan and vehicle caused emotional distress.

- **Causation**: Plaintiff suffered emotional distress.

- **Damages**: Severe emotional distress impacting well-being.

- **Statute**: Common law principles of negligent infliction of emotional distress.

### 28. Negligent Bailment

- **Duty**: Defendant had a duty to take reasonable care of Plaintiff's vehicle while it was in their possession.

- **Breach**: Defendant failed to take reasonable care, leading to unauthorized use and damage.

- **Causation**: The damage to Plaintiff's vehicle was a direct result of Defendant's negligent care.

- **Damages**: Financial loss from vehicle damage and loss of use.

- **Statute**: Common law principles of bailment.

### 29. Breach of Express Warranty

- **Duty**: Defendant had a duty to uphold the express warranties made in the loan agreement.

- **Breach**: Defendant failed to uphold these warranties by providing misleading terms and unauthorized charges.

- **Causation**: Plaintiff suffered financial harm due to reliance on these express warranties.

- **Damages**: Financial loss due to unfair charges and terms.

- **Statute**: Common law principles of express warranty.

### 30. Civil Theft (Tort Claim)

- **Duty**: Defendant had a duty to respect Plaintiff's ownership and possession rights.

- **Breach**: Defendant unlawfully took and used Plaintiff's vehicle.

- **Causation**: Plaintiff's vehicle was taken without consent, causing financial and personal loss.

- **Damages**: Financial loss and emotional distress from the theft.

- **Statute**: Texas Penal Code § 31.03.

## 31. Violation of the Fair Credit Reporting Act (FCRA)

- **Duty**: Defendant had a duty to accurately report Plaintiff's credit information.

- **Breach**: Defendant reported false or misleading information to credit bureaus.

- **Causation**: Plaintiff's credit score was negatively impacted by these inaccuracies.

- **Damages**: Financial harm due to higher interest rates and credit denials.

- **Statute**: Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

## 32. Intentional Misrepresentation (Fraud)

- **Duty**: Defendant had a duty to provide truthful information regarding the loan terms.

- **Breach**: Defendant knowingly provided false information intending to deceive Plaintiff.

- **Causation**: Plaintiff entered into the loan based on this false information.

- **Damages**: Financial losses and emotional distress from entering into an unfavorable loan.

- **Statute**: Common law principles of fraud.

## 33. Violation of 15 U.S. Code § 45 - Unfair Methods of Competition

- Duty: Defendant had a duty to avoid engaging in unfair methods of competition and deceptive practices.

- Breach: Defendant engaged in practices that constituted unfair methods of competition and deceptive acts in commerce.

- Causation: Plaintiff suffered financial harm and emotional distress due to these unfair and deceptive practices.

- Damages: Financial loss and emotional distress.

- Statute: 15 U.S. Code § 45.

### Damages

1. **Actual Damages:**

   o Financial losses due to unauthorized use of vehicle and wrongful repossession.

   o Emotional distress and mental anguish.

   o Loss of personal property and subsequent financial hardship.

2. **Punitive Damages:**

   o To punish Defendant for egregious conduct and deter similar actions in the future.

3. **Attorney's Fees and Costs:**

   o As provided under Texas Finance Code and other applicable laws.

4. **Injunctive Relief:**

   o An injunction to prevent Defendant Calfund, LLC from engaging in similar illegal and predatory practices against other consumers.

### V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. Judgment against Defendant Calfund, LLC of $500,000 for actual damages. This amount will be proven at trial.

2. Punitive damages in an amount to be determined by the Court.

3. Reasonable attorney's fees and costs of suit.

4. An injunction preventing Defendant from engaging in similar illegal and predatory practices.

5. An order voiding the contract between Plaintiff and Defendant.

6. Compensation for a brand new commercial 18-wheeler truck in the amount of $100,000.

7. Reimbursement of all payments made by Plaintiff to Defendant.

8. 20,000,000 for pain and suffering.

9. Any further relief the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: 9.25.2024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

**Phillip C. Aught Jr.**
Plaintiff, Pro Se
12333 Silvana Street
Las Vegas, NV 89141
(702) 210-6081
phillipaught15@gmail.com

9 - 25- 2024