IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILLIP CHARLES AUGHT, JR. § § *Plaintiff*, § § V. § § Case No. 4:24-CV-00682-SDJ-AGD § CALFUND, LLC § § *Defendant*. § | |

**MOTION TO TRANSFER VENUE, AND IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

Defendant, Calfund, LLC ("Calfund" or "Defendant") by and through undersigned counsel, files this its Motion to Transfer Venue, and in the Alternative, Motion to Compel Arbitration.

**I.    SUMMARY OF THE ARGUMENTS**

1. Plaintiff Phillip Charles Aught, Jr. ("Aught" or "Plaintiff") filed this lawsuit against Defendant for issues arising from the Promissory Note and Security Agreement executed by Brooklyn Cammeron, LLC (the "Debtor Entity"), Plaintiff, and Defendant on or about April 18, 2022 (the "Agreement") in the Eastern District of Texas, Sherman Division.

2. However, the Agreement contains a valid and enforceable forum-selection clause specifying the courts of Los Angeles, California as the forum for litigation between the parties (the "Forum-Selection Clause"). A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit "A."

3. Because the Forum-Selection Clause is valid and enforceable and public-interest considerations would be better served if Plaintiff's case were heard in the Central District of California, Los Angeles Division, Defendant requests the Court transfer the suit to the Central District of California, Los Angeles Division.

4. In the alternative, Defendant asks the Court to compel Plaintiff to arbitrate all his claims against Defendant.[1] If the Court finds that the case should be both transferred and arbitration compelled in the proposed forum, Defendant requests the Court compel arbitration in the Central District of California, Los Angeles Division court.[2]

## II. MOTION TO TRANSFER VENUE

5. Even though Plaintiff bears the burden of establishing that a transfer to the forum to which the parties bargained is unwarranted, Defendant can show that transfer is appropriate in this case.[3]

### A. Legal Standard.

6. A court may transfer a suit to any other federal district court or division of a federal district court or division of a federal district court when there is a valid and enforceable forum-selection clause pointing to that other district court or division.[4]

7. There is a strong presumption in favor of enforcing mandatory forum-selection clauses that can only be overcome by a clear showing that the clause is unreasonable under the circumstances.[5] Unreasonableness may exist if: (1) the incorporation of the forum-selection clause was the produce of fraud or overreaching; (2) the party seeking to escape enforcement will be essentially deprived of their day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen forum's law will deprive the plaintiff of a

---

[1] If the Court so finds that both arbitration and transfer is appropriate, Defendant consents to an order that both transfers the case to the Central California District, Los Angeles Division, and compels the parties to arbitrate the claims. Defendant pleads for the Court to compel arbitration in the alternative to transfer pursuant to the due order of pleadings rules. However, the Agreement calls for both a transfer and for arbitration to be compelled.
[2] *See Dupuy-Bushing Gen. Agency, Inc. v. Ambassador Ins.*, 524 F.2d 1275, 1277-78 (5th Cir. 1975).
[3] *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63-64 (2013).
[4] *See* 28 U.S.C. § 1404(a).
[5] *Eads v. Spheric Assurance Co., Ltd.*, No. 23-20066, 2023 WL 8613609, at *2 (5th Cir. Dec. 13, 2023).

remedy; or, (4) enforcement of the forum-selection clause contravenes a strong public policy of the forum state.[6] Proving unreasonableness is a heavy burden.[7]

8. In diversity cases, federal law applies to determine a forum-selection clause's enforceability.[8]

**B. The Forum-Selection Clause is Valid and Enforceable.**

9. The parties agree that the Agreement requires that the parties resolve all disputes through arbitration in California. Plaintiff's acknowledgment that he is bound to resolve disputes in California rather than Texas reinforces the strong presumption that the Forum-Selection Clause is valid and enforceable.[9]

10. Plaintiff also fails to show that the Forum-Selection Clause is unreasonable. None of the four (4) factors that may show that a forum-selection clause is unreasonable apply in this case.[10]

11. First, the incorporation of the Forum-Selection Clause in the Agreement was not the product of fraud or overreaching. Fraud or overreaching must be specific to the forum-selection clause for the forum-selection clause to be invalidated.[11] Plaintiff does not claim that the Forum-Selection Clause was fraudulently added to the Agreement or that he was coerced into signing the Agreement.[12] Accordingly, the Forum-Selection Clause is not invalidated under the first factor.

12. Second, Plaintiff will not be deprived of his day in court by being transferred to a California federal court. Plaintiff has not specified a substantial difference between the federal

---

[6] *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).
[7] *Id*.
[8] *Eads*, 2023 WL 8613609, at *2.
[9] "The contract includes a binding arbitration clause (Section 22), which mandates that any disputes be resolved through arbitration in California." Pl.'s Am. Compl. at 11, DN 9.
[10] *See Eads*, 2023 WL 8613609, at *2.
[11] *Haynsworth*, 121 F.3d at 963.
[12] *See id.*; *see also* Pl.'s Am. Compl. at 11, DN 9.

courts or any limitations on the Central District Court of California, Los Angeles Division, that would deprive Plaintiff of his day in court.[13] Defendant is unaware of any limitations on Plaintiff should he have to litigate in California as opposed to Texas. For these reasons, the second factor does not invalidate the Forum-Selection Clause.

13. Third, California law is also not so fundamentally unfair that Plaintiff would be deprived of a remedy if Plaintiff had to pursue his claims there. Due to the choice of law clause in the Agreement, California law applies to Plaintiff's claims related to the Agreement no matter where he litigates his claims.[14] California law also has consumer protection laws and similar common law causes of action as Texas.[15] Accordingly, the Forum-Selection Clause is not invalidated under the third factor.

14. Fourth, Plaintiff also has not shown that the Forum-Selection Clause contravenes a strong Texan public policy. At most, Plaintiff claims that enforcing the Forum-Selection Clause is "illegal under Texas law" because "Texas Finance Code § 393.307 prohibits lenders from requiring Texas ***consumers*** to resolve disputes outside of Texas."[16] However, the Agreement is clear that California law governs the Agreement, not Texas law.[17] Further, Plaintiff explicitly agreed in the Forum-Selection Clause that the Agreement was a commercial transaction rather than a consumer transaction:[18]

> **"EACH DEBTOR ACKNOWLEDGES THAT THE TRANSACTION SECURED BY THIS SECURITY AGREEMENT IS A COMMERCIAL AND NOT A CONSUMER TRANSACTION…"**

---

[13] *See* Pl.'s Am. Compl. at 11, DN 9.
[14] Ex. A at 5-6.
[15] *See* e.g., Cal. Civil Code 3 § 1770 seq. et al. Defendant disagrees that Plaintiff has claims under consumer protection laws because the Agreement was a commercial agreement, but for the purposes of showing that Plaintiff is not prejudiced by California law, provides an example of similar consumer protection laws Plaintiff cited in his Amended Complaint.
[16] Pl.'s Compl. at 11, DN 9 (emphasis added).
[17] Ex. A.
[18] Ex. A at 6.

Because Texas public policy favors enforcing forum-selection clauses and Plaintiff's argument regarding Tex. Fin. Code § 393.307 is inapplicable, Plaintiff cannot meet the fourth factor.

15.     None of the four unreasonableness factors are in favor of finding the Forum-Selection Clause. Therefore, the Forum-Selection Clause is valid and enforceable, and the Court should transfer this case to the Central California District Court, Los Angeles Division.

### III.    IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

16.     Should the Court also consider the binding arbitration clause incorporated in the Agreement, Plaintiff requests the Court both transfer the case to the Central District of California, Los Angeles Division and compel the parties to arbitrate all claims.[19]

**A.    Legal Standard.**

17.     When a party seeking to compel arbitration proves that the parties contractually agreed to arbitrate and that the claim at issue is arbitrable, a court should compel arbitration.[20]

18.     A contractual agreement to arbitrate exists when the parties have entered into a valid arbitration agreement and the dispute falls within the scope of the agreement.[21]

**B.    The Arbitration Clause is Valid.**

19.     This Court should compel arbitration because the parties entered into a valid contractual agreement, containing an arbitration clause on April 18, 2022 (the "Arbitration Clause").[22] Plaintiff signed the Agreement in his individual capacity, and the Arbitration Clause is explicitly provided for on pages 7-8 of the Agreement.[23] The Arbitration Clause reads, in part:

> Any and all claims, causes of action, suits, rights, remedies, disputes, complaints, defenses, and counterclaims between the

---

[19] *Dupuy-Bushing Gen. Agency, Inc.*, 524 F.2d at 1277-78.
[20] *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009).
[21] *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998).
[22] *See* Ex. A; *Dealer Comput. Servs., Inc.*, 588 F.3d at 886.
[23] Ex. A.

parties, or any of their officers, agents, employees, subsidiaries, affiliates, members, owners, or shareholders directly or indirectly arising out of or relating to the terms or subject matter of this Agreement or any other document related to the extension of credit under this Agreement (collectively, the "Claim") are subject to binding arbitration in accordance with the rules of commercial arbitration as published from time to time by: the American Arbitration Association ("AAA"), JAMS or any other organization the parties agree to in writing (the "Arbitration Agreement")."

20. The Arbitration Clause requires the dispute involved in this suit to be submitted to arbitration, and the provision should be enforced.[24] For that reason, the Agreement has a valid, enforceable arbitration clause that bind all of the parties of this suit.

21. Plaintiff's arguments that the Arbitration Clause should be invalidated fail because (1) the Texas Arbitration Act does not govern the Arbitration Clause, (2) Plaintiff has not shown how arbitration will be significantly inconvenient or costly, and (3) Plaintiff has not shown that the Arbitration Clause is unfair, oppressive, or unconscionable.[25]

22. The Arbitration Clause explicitly states that the Federal Arbitration Act rather than the Texas Arbitration Act governs the interpretation of the Arbitration Clause.[26] Even if the Texas Arbitration Act did govern, Plaintiff has not shown how arbitration will be significantly inconvenient or costly, and the Fifth Circuit has held that "increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection or arbitration clauses."[27]

23. Further, the Arbitration Clause is not unfair, oppressive, or unconscionable. Plaintiff's conclusory statements to the contrary are not controlling or evidence thereof. For these reasons, the Court should compel the parties to arbitrate pursuant to the Arbitration Clause.

---

[24] *See* Ex. A at 7-8.
[25] Pl.'s Am. Compl. at 11, DN 9.
[26] Ex. A at 7-8.
[27] *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 37 (5th Cir. 1997).

C. **All of Plaintiff's Claims are Subject to the Arbitration Clause.**

24. The claims involved in the suit are arbitrable and not subject to any legal constraint that renders it nonarbitrable.[28] No federal statutes or policies render the claims nonarbitrable.

25. Also, all the claims involved in the suit are "directly or indirectly arising out of or relating to the terms or subject matter of this Agreement or any other document related to the extension of credit under this Agreement."[29] Each claim has to do with Defendant's lending of money to the Debtor Entity, enforcement of the terms of the Agreement, including Defendant's rights to foreclose on its security interest, and Defendant's general ability to lend money.[30] For these reasons, the claims are subject to the Arbitration Clause.

26. The Court should grant a stay of the lawsuit pending resolution of the arbitration proceeding if (1) the claim involved in the suit is referable to arbitration and (2) the party seeking the stay is not in default in proceeding with arbitration.[31] As shown *infra*, the claims are referable to arbitration. Further, Defendant is not in default in proceeding with arbitration because Defendant was diligent in asserting its request for arbitration.

27. The Fifth Circuit also allows courts to simultaneously transfer a case to the court designated in an arbitration clause and order the parties to arbitrate the claims in said suit.[32] The Arbitration Clause is valid, the claims are arbitrable, and the claims are subject to the Arbitration Clause. For these reasons, Defendant requests the Court grant the motion to compel arbitration, transfer the case to the Central District Court of California, Los Angeles Division, and stay the lawsuit pending resolution of the arbitration proceeding.

---

[28] *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).
[29] Ex. A at 7-8.
[30] *See* Pl.'s Am. Compl. at 11, DN 9.
[31] 9 U.S.C. § 3.
[32] *Dupuy-Bushing Gen. Agency, Inc.*, 524 F.2d at 1277-78.

## IV.     CONCLUSION

Based on the foregoing, Defendant requests the Court transfer the suit to the Central District Court of California, Los Angeles Division, and in the alternative or simultaneously, abate the case and compel the parties to arbitration, and to grant Defendant any additional and further relief to which Defendant may be entitled.

Dated: December 27, 2024

                                    **Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile

/s/ *E. Grace Bregard*
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com
E. Grace Bregard
State Bar I.D. #24125587
gbregard@padfieldstout.com

*Attorneys for Defendant Calfund, LLC*

### CERTIFICATE OF CONFERENCE

I certify that on December 27, 2024, I called Plaintiff and he indicated he is opposed to the relief sought herein. Accordingly, Defendant presents this Motion for the Court's consideration.

/s/E. Grace Bregard
E. Grace Bregard

## CERTIFICATE OF SERVICE

      I certify that on December 27, 2024, I forwarded a true and correct copy of the foregoing Motion via e-service and/or e-service to Plaintiff.

                                  */s/E. Grace Bregard*
                                  E. Grace Bregard