IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILLIP CHARLES AUGHT, JR. § | |
| § | |
| *Plaintiff*, § | |
| § | |
| V. § | |
| § | Case No. 4:24-CV-00682-SDJ-AGD |
| CALFUND, LLC § | |
| § | |
| *Defendant*. § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE, AND IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

Defendant, Calfund, LLC ("Calfund" or "Defendant") by and through undersigned counsel, files this its Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue, and in the Alternative, Motion to Compel Arbitration, as follows:

### I.  REPLY

1. Plaintiff Phillip Charles Aught, Jr.'s ("Plaintiff") arguments against Defendant's Motion to Transfer Venue, and in the Alternative, Motion to Compel Arbitration ("Motion"), hinge on the incorrect presumptions that (1) the agreement between the parties ("Agreement") is a consumer transaction and (2) California is more inconvenient for Plaintiff, despite Plaintiff living in Nevada.[1] However, Plaintiff's presumptions are incorrect under Texas law.[2]

A.  **DEFENDANT DID NOT VIOLATE THE TEXAS FINANCE CODE.**

2. Plaintiff argues that the Agreement's forum-selection choosing the courts of Los Angeles, California for all disputes (the "Forum-Selection Clause"), the arbitration clause (the

---

[1] Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb., DN 16.
[2] Plaintiff alleges that Defendant relies on the Federal Arbitration Act (FAA) in Defendant's Motion when Texas law should apply. Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 6, DN 16. However, it is not clear what provision of the FAA Plaintiff wants to avoid in favor of the Texas Arbitration Act (TAA), if anything. Accordingly, Plaintiff's FAA argument is moot.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE, AND IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

PAGE 1 OF 5

"Arbitration Clause"), and the choice-of-law clause selecting California substantive law (the "Choice of Law Clause") are invalid and unenforceable because they allegedly violate several provisions of the Texas Finance Code.[3] However, the provisions of the Texas Finance Code Plaintiff cites to apply exclusively to consumer transactions, and the transaction between the parties is a commercial transaction.[4]

3. A "consumer" is "an individual who is solicited to purchase or who purchase the services of a credit services organization."[5] A "credit services organization" is a person who provides certain services with the respect to "the extension of consumer credit…"[6] "Extension of consumer credit" means "the right to defer payment of debt offered or granted **primarily for personal, family, or household purposes** or to incur the debt and defer its payment."[7]

4. The Agreement is not an extension of consumer credit because (1) the Agreement does not contemplate Defendant providing Plaintiff funds to defer payment of another debt Plaintiff has incurred and (2) Plaintiff agreed that the transaction is a commercial transaction: "**EACH DEBTOR ACKNOWLEDGES THAT THE TRANSACTION SECURED BY THIS SECURITY AGREEMENT IS A COMMERCIAL AND NOT A CONSUMER TRANSACTION.**"[8] Further, the Agreement is a loan concerning Plaintiff's commercial 2014 Freightliner Cascadia (the "Collateral"), which Plaintiff admits was used in Plaintiff's business.[9]

---

[3] Plaintiff cites to § 393.307 to argue that the Agreement's clauses should be void because they are causing Plaintiff to waive a statutory right in violation of § 393.307. Plaintiff cites to § 393.101 to argue that Defendant is not allowed to do business in Texas without being licensed as a credit services organization. Plaintiff cites to § 393.306 to argue that Defendant was not allowed to advertise to Plaintiff because Defendant was allegedly not registered as a credit services organization. Plaintiff cites to § 393.223 to argue that Defendant allegedly failed to provide certain consumer disclosures to Plaintiff. Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 2-6, DN 16.
[4] *See* Tex. Fin. Code §§ 393.307, 393.101, 393.306, 393.223.
[5] Tex. Fin. Code § 393.001(1).
[6] Tex. Fin. Code § 393.001(3).
[7] Tex. Fin. Code § 393.001(4) (emphasis added).
[8] *See* Ex. A.
[9] Pl.'s Am. Compl. at 23, DN 9 ("Defendant's unauthorized use and repossession of the vehicle interfered with Plaintiff's business.").

Accordingly, the Agreement is not an extension of consumer credit, so Defendant is not a credit services organization.

5. Because Plaintiff did not purchase the services of a credit services organization, Plaintiff is not a consumer. Plaintiff argues that he is a consumer because he signed the Agreement in his personal capacity.[10] However, the statute requires courts to look at the ***purpose*** of the agreement rather than the classification of the ***parties***, and, in this case, the purpose was to finance a commercial vehicle used solely for commercial purposes.[11]

6. Every provision that Plaintiff cites and relies upon does not apply in this case because they only concern credit service organizations and consumers (emphasis added):

- ***TEX. FIN. CODE § 393.307:*** "A **credit services organization** may not attempt to cause a **consumer** to waive a right under this chapter."

- ***TEX. FIN. CODE § 393.101:*** "Before conducting business in this state, **a credit services organization** shall register with the secretary of state by filing a statement that…"

- ***TEX. FIN. CODE § 393.306:*** "**A credit services organization** or a representative of a credit services organization may not advertise the services of the organization if the organization has not filed a registration statement required by Subchapter B."

- ***TEX. FIN. CODE § 393.223:*** "…a credit access business must provide to a **consumer** a disclosure…"[12]

Because Plaintiff is not a consumer and Defendant is not a credit services organization, none of the above-cited provisions apply. Accordingly, Plaintiff's arguments that the Agreement and its clauses are void for failure to comply with the Texas Finance Code fail as a matter of law.

---

[10] Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 5, DN 16 ("Plaintiff signed the agreement **in his personal capacity**, using his government-issued name, not as a corporate entity.")
[11] *See* Tex. Fin. Code § 393.001; *see also* Ex. A at 4, 13.
[12] *See* Tex. Fin. Code § 393.221(1) ("**Credit access business**" means **a credit services organization** that…").

**B.     ARBITRATION IN CALIFORNIA IS FAIR AND NOT UNDULY BURDENSOME FOR PLAINTIFF.**

7.     Besides the Texas Finance Code, Plaintiff relies on public policy arguments to avoid the Forum-Selection Clause, Arbitration Clause, and Choice-of-Law Clause.[13] However, Plaintiff's lack of evidence and conclusory, contradicting arguments are not sufficient to avoid a transfer to and arbitration in Los Angeles, California.

8.     First, Plaintiff argues that "Texas has a strong public interest in protecting its residents from illegal and predatory lending practices…" and "[t]he arbitration clause requires Plaintiff to arbitrate in California, far from his residence, imposing undue hardship."[14] However, Plaintiff lives in Las Vegas, Nevada, which is much closer to Los Angeles, California than Sherman, Texas.[15] Further, Plaintiff has not explained how California arbitration as opposed to Texas arbitration would specifically cause Plaintiff to incur excessive costs or hardships.

9.     Second, Plaintiff asks the Court to keep the case here because "[e]nforcing the forum-selection clause would effectively reward Defendant's illegal conduct," and "Texas law prohibits contracts that evade consumer protection statutes."[16] As explained *infra*, Defendant has not violated any statutes and Plaintiff is not a consumer.

10.    Finally, Plaintiff has not attached any evidence in the form of affidavits or exhibits to prove that he would be inconvenienced or that public policy is in favor of keeping the case in this Court. For these reasons, Plaintiff has not met its burden to show that a transfer from this Court is unwarranted and the case should be transferred to the Central District Court of California, Los Angeles Division for subsequent arbitration.[17]

---

[13] Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 4-6, DN 16.
[14] Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 4, DN 16.
[15] Pl.'s Am. Compl. at 1, DN 9 ("Phillip Charles Aught, Jr., an individual currently residing at 12333 Silvana Street, Las Vegas, Nevada 89141, and formerly residing at 4102 Sun King Lane, Frisco, Texas 75034.").
[16] Pl.'s Opp. to Def.'s Mot. to Transfer Venue and Mot. to Compel Arb. at 4-5, DN 16.
[17] *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63-64 (2013).

## II. CONCLUSION & PRAYER

11. Based on the foregoing and the Motion, Defendant requests the Court transfer the suit to the Central District Court of California, Los Angeles Division, and in the alternative or simultaneously, abate the case and compel the parties to arbitration, and to grant Defendant any additional and further relief to which Defendant may be entitled.

Dated: January 6, 2025

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile

<u>/s/ *E. Grace Bregard*</u>
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com
E. Grace Bregard
State Bar I.D. #24125587
gbregard@padfieldstout.com

*Attorneys for Defendant Calfund, LLC*

### CERTIFICATE OF SERVICE

I certify that on January 6, 2025, I forwarded a true and correct copy of the foregoing to Plaintiff via e-service and/or e-mail.

<u>/s/ E. Grace Bregard</u>
E. Grace Bregard